# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-10030 |
| WILLIAM ECHEVARRIA and | ) | |
| KRISTIN ECHEVARRIA, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | **Date:  June 5, 2014** |
| | ) | **Time:  9:30 a.m.** |

**FIRST AND FINAL FEE APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP, FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 24, 2013 THROUGH MARCH 9, 2014**

Fox, Swibel, Levin & Carroll, LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee for the bankruptcy estate (the "Estate") of William Echevarria and Kristin Echevarria (the "Debtors"), files this application ("Application") for payment of an administrative claim in the amount of $3,099.68, consisting of $3,073.00 in fees and $26.68 in expenses, for the period of June 24, 2013 through March 9, 2014.  In support of this Application, FSLC states the following:

## INTRODUCTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. On March 13, 2013 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, N. Neville Reid was appointed as chapter 7 trustee for the Debtors' Estate.

4. On March 18, 2014, the Court entered a final order granting the Trustee's application to retain FSLC as general bankruptcy counsel *nunc pro tunc* to June 24, 2013. [Dkt. 31]

## REQUESTED RELIEF

5. FSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee from June 24, 2013 through March 9, 2014 (the "Application Period").

6. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

7. Attached as Exhibit B to this Application are the detailed billing records of FSLC, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period.

## PROFESSIONAL SERVICES RENDERED

8. During the Application Period, FSLC has performed the following services on behalf of the Trustee:

   A. Prepare, file, and present the Motion for Turnover of Non-Exempt Cash

2

                Value of Stock from Computershare, Inc. to the Trustee [Dkt. 22];

      B.      Confer with the Debtors' counsel about settling disputed issues related to the Estate;

      C.      Monitor the docket and new pleadings in the above-captioned bankruptcy for the Trustee; and

      D.      Prepare, file, and present the Trustee's Application to Employ FSLC as General Bankruptcy Counsel Retroactive to June 24, 2013 [Dkt. 30].

## **APPROPRIATENESS OF FEES**

9.     The total amount of fees sought by FSLC for professional services in this Application is $3,073.00. Pursuant to Local Rule 5082(1)(B)(1)(c), FSLC notes that it charged the estate $74.00 to prepare this fee application.

10.    The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtors' case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

11.    FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. FSLC has reviewed the billing records to ensure their accuracy.

12.    FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

13.    FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy

3

Code as reasonable and necessary expenses incurred for the administration of the Estate.

## FSLC EXPENSE POLICIES

14. FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

15. The expenses sought by FSLC in this Application relate to charges for PACER fees for the third quarter of 2013 and Federal Express overnight mail services. The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $26.68.

16. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Debtors' Estate.

## SUMMARY OF FEES

17. FSLC applies for an administrative claim in the amount of $3,099.68, consisting of $3,073.00 in fees and $26.68 in expenses.

## NOTICE

18. Pursuant to Bankruptcy Rule 2002(a), notice of this Application has been given to: (a) the Debtors; (b) the Debtors' counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, FSLC requests entry of an order allowing it an administrative claim in the amount of $3,099.68 and allowing the Trustee to pay the same.

Dated: May 7, 2014                                Respectfully submitted,

                                                  *Fox, Swibel, Levin & Carroll, LLP*

                                                  By:    /s/ N. Neville Reid
                                                       Fox, Swibel, Levin & Carroll, LLP,
                                                       General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

5